UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
   CHANDRA K. BARRETT,

                                  Plaintiff,

              -against-

   RUBEN R. ROSARIO and ASPEN
   LANDSCAPING CONTRACTING, INC.

                               Defendants.
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/2021

1:19-cv-07815-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

The Court has received the parties' October 22, 2021 joint letter regarding the evidentiary hearing regarding Defendants' motion to enforce settlement. Dkt. No. 65. Regarding that hearing, the Court orders the following:

- **Hearing Date:** The evidentiary hearing on Defendants' motion to enforce settlement (the "Evidentiary Hearing") will be held on December 2, 2021 at 10:00 a.m. in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York, 10007. Pursuant to the Southern District of New York's COVID-19 protocols, all attendees and participants in the Evidentiary Hearing will be required to wear face masks *at all times*, including when taking and giving testimony. Should the parties object to conducting the Evidentiary Hearing under these conditions, they may request that the Evidentiary Hearing take place remotely. If they do so, they should suggest a videoconferencing platform over which the Evidentiary Hearing should take place. Such a request must be submitted to the Court no later than November 15, 2021.

- **Discovery:** The Court orders the parties to serve requests for production of documents to be used at the Evidentiary Hearing no later than November 1, 2021.  The parties' responses to those requests are due no later than November 15, 2021.  The parties are not permitted to conduct any depositions in preparation for the Evidentiary Hearing; however, both parties will be able to cross-examine any of the opposing parties' witnesses regarding that witness's direct testimony, which (as explained below) is to be presented by affidavit.

- **Privilege:** The Court finds that Plaintiff has waived attorney client and work product privilege with respect to communications with her counsel regarding the settlement.  A party waives privilege over its communications with its counsel when the party "places the attorney-client relationship directly at issue" in the case.  *In re Cnty. Of Erie*, 546 F3d 222, 228 (2d Cir. 2008).  "[S]ubject matter waiver seeks to readjust the essential unfairness in disclosing part, but not all, of an attorney-client communication . . . , the required remedy should be addressed to that particular unfairness."  *Ingenito v. Riri USA, Inc.*, No. 11-cv-2569, 2015 WL 9412541, at *7 (E.D.N.Y. Dec. 22, 2015).  Thus, privilege waivers are generally limited to topics over which the disclosing party has "relie[d] on privilege communications to explain the reason for its actions;" a waiver does not extend to communications "that might indicate *additional* reasons."  *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 945 F. Supp. 2d 431, 437 (S.D.N.Y. 2013) (emphasis in original).

Here, the parties agree that Plaintiff waived privilege over certain communications with her counsel, but dispute the scope of that privilege. The Court finds that the scope of the waiver is properly cabined to communications concerning the parties' settlement discussions in and around March 2021. As made evident from the parties' prior submissions, Plaintiff will rely on privileged communications to support arguments related to the parties' March 2021 settlement discussions. Thus, the unfairness Defendants could suffer due to Plaintiff's reliance on those communications is remedied by a waiver limited to communications regarding those settlement discussions. *See id.* (finding a limited waiver only over documents on which a party had "relied" in the underlying litigation). It is not the case, as Defendants argue, that Plaintiff has waived privilege over "all" of her communications with her counsel, since those communications almost certainly include discussion regarding topics that are not relevant to the parties' arguments on the motion to enforce settlement.

- **Hearing Materials:** The parties are ordered to provide to opposing counsel and the Court the following materials, as further described in the Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), no later than November 24, 2021: (1) the party's documentary exhibits, *see* Individual Rule 5(B)(ii); (2) proposed findings of fact and conclusions of law, *see* Individual Rule 5(D)(i); (3) direct testimony by affidavit, *see* Individual Rule 5(D)(ii). The parties should email those materials to the Court at WoodsNYSDChambers@nysd.uscourts.gov.

SO ORDERED.

Dated: October 26, 2021
New York, New York

GREGORY H. WOODS
United States District Judge